IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOBBY THOMAS, JR.,<br><br>    Petitioner,<br><br>  v.<br><br>GREG LEWIS,<br><br>    Respondent. | No. C 12-1747 LHK (PR)<br><br>ORDER TO SHOW CAUSE |

Petitioner, a state prisoner proceeding *pro se*, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the Board of Parole Hearings' ("Board") 2009 denial of parole suitability. Petitioner has paid the filing fee. The Court orders Respondent to show cause why a writ of habeas corpus should not be granted.

**DISCUSSION**

**A.    Standard of Review**

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a state court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975).

A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

**B.      Petitioner's Claims**

In Grounds 1 and 2, Petitioner appears to allege that the Board violated his due process rights by denying parole based on insufficient evidence that he remains an unreasonable risk of danger to society if released.  However, the Supreme Court has made clear that a prisoner's federal due process claim regarding a denial of parole is limited to whether he received the minimum procedures necessary under the federal constitution.  *Swarthout v. Cooke*, 131 S. Ct. 859, 861-62 (2011) (per curiam).  Specifically, this Court's inquiry is limited to whether Petitioner was given an opportunity to be heard, and given a statement of reasons for the denial.  *Id.* at 862 (citing *Greenholtz v. Inmates of Neb. Penal and Correctional Complex*, 442 U.S. 1, 16 (1979)).  Thus, Grounds 1 and 2 fail to state a cognizable claim for federal habeas relief, and are DISMISSED.  *See id.*

In Ground 5, Petitioner claims that when the Board denied parole, it stated that Petitioner's next parole hearing would be in ten years.  Petitioner alleges that the increase to ten years violates the Ex Post Facto Clause.  To the extent that Petitioner is making a challenge to Marsy's Law, it is DISMISSED.   Marsy's Law increased the minimum deferral period between parole hearings from one to three years, and the maximum deferral period from five to fifteen years.  *Gilman v. Schwarzenegger*, 638 F.3d 1101, 1104 (9th Cir. 2011).  Advance hearings can be held by the Board sua sponte, or at the request of a prisoner, though the inmate is limited to one such request every three years.  *Id.* at 1105.  The Ninth Circuit reversed the grant of a preliminary injunction against enforcement of Marsy's Law, holding that the plaintiffs were not likely to prevail on the merits of their claim that Marsy's Law violates the Ex Post Facto Clause.  *Id. Gilman*'s holding that the plaintiffs there were not likely to prevail on the merits makes clear that the state courts' rejection of Petitioner's Marsy's Law claim could not have been unreasonable.  Petitioner thus cannot obtain habeas relief on this claim, and it is DISMISSED.  *See* 28 U.S.C. § 2254(d).

In Grounds 3 and 4, Petitioner asserts that the Board has an unconstitutional blanket policy of denying parole to all inmates placed in the SHU.  Petitioner further argues that the Board did not provide him with an individualized consideration of his case.  Liberally construed,

Grounds 3 and 4 state a cognizable claim for relief.

**CONCLUSION**

1. Grounds 1, 2, and 5 are DISMISSED.

2. The Clerk shall serve by mail a copy of this order and the petition (docket no. 1) and all attachments thereto upon the Respondent and the Respondent's attorney, the Attorney General of the State of California. The Clerk shall also serve a copy of this order on Petitioner.

3. Respondent shall file with the Court and serve on Petitioner, within **ninety days** of the date this order is filed, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the answer and serve on Petitioner a copy of all portions of the underlying state criminal record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If Petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on Respondent within **thirty days** of the date the answer is filed.

4. Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases within **ninety days** of the date this order is filed. If Respondent files such a motion, Petitioner shall file with the court and serve on Respondent an opposition or statement of non-opposition within **thirty days** of the date the motion is filed, and Respondent **shall** file with the court and serve on Petitioner a reply within **fifteen days** of the date any opposition is filed.

5. It is Petitioner's responsibility to prosecute this case. Petitioner must keep the court and all parties informed of any change of address by filing a separate paper captioned "Notice of Change of Address." He must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

DATED: 7/31/12

LUCY H. KOH
United States District Judge

Order to Show Cause
G:\PRO-SE\SJ.LHK\HC.12\Thomas747osc.wpd        3