IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOBBY THOMAS, JR., <br><br>  Petitioner, <br><br> v. <br><br> GREG LEWIS, <br><br>  Respondent. | No. C 12-1747 LHK (PR) <br><br> ORDER GRANTING MOTION TO DISMISS; DENYING CERTIFICATE OF APPEALABILITY |

Petitioner, a state prisoner proceeding *pro se*, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the Board of Parole Hearings' ("Board") 2009 denial of parole suitability. Respondent has filed a motion to dismiss for failure to state a claim. Petitioner has filed a traverse, which the Court construes as an opposition. Although given an opportunity to do so, Respondent has not filed a reply. For the reasons stated below, the Court GRANTS Respondent's motion to dismiss.

**I. BACKGROUND**

In his federal petition, Petitioner claimed, *inter alia*, that the Board had an unconstitutional policy of rejecting parole solely because an inmate was housed in the Security Housing Unit. Upon initial review, Petitioner's remaining claims were dismissed for failure to state a claim. The Court liberally construed the "no parole" blanket policy claim, and ordered Respondent to show cause as to why the petition should not be granted.

## II. DISCUSSION

Respondent argues that, in essence, Petitioner is raising a due process claim. Specifically, Respondent states that having a "blanket policy" necessarily means that Petitioner did not receive individualized consideration and, in essence, that there was insufficient evidence to deny Petitioner parole. Petitioner responds to Respondent's argument, explaining that his "blanket policy" claim includes the claim that Petitioner has a federal liberty interest in parole, the denial of parole was not based on the evidence or on the record before the Board, and thus, Petitioner's right to due process was violated.

As the Court has already stated in its original order to show cause, the Supreme Court has made clear that a prisoner's federal due process claim regarding a denial of parole is limited to whether he received the minimum procedures necessary under the federal constitution. *Swarthout v. Cooke*, 131 S. Ct. 859, 861-62 (2011) (per curiam). Specifically, this Court's inquiry is limited to whether Petitioner was given an opportunity to be heard, and given a statement of reasons for the denial. *Id.* at 862 (citing *Greenholtz v. Inmates of Neb. Penal and Correctional Complex*, 442 U.S. 1, 16 (1979)). Petitioner does not assert that he did not receive these protections. Accordingly, Petitioner's "blanket policy" claim fails to state a cognizable claim for relief.

## III. CONCLUSION

Respondent's motion to dismiss is GRANTED.

The federal rules governing habeas cases brought by state prisoners require a district court that denies a habeas petition to grant or deny a certificate of appealability its ruling. Petitioner has not shown "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Accordingly, a certificate of appealability is DENIED.

The Clerk shall terminate all pending motions and close the file.

IT IS SO ORDERED.

DATED: 7/16/13

LUCY H. KOH
United States District Judge

Order Granting Motion to Dismiss; Denying Certificate of Appealability
G:\PRO-SE\LHK\HC.12\Thomas747mtdftsc.wpd   2