1
2
3
4
5
6
7
8
9
10

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

11
12
13
14
15
16

| | |
|---|---|
| BOBBY THOMAS, JR.,      ) | No. C 12-1747 LHK (PR) |
|     )  | |
|     Petitioner,   ) | ORDER DENYING MOTION FOR |
|     ) | RECONSIDERATION; DENYING |
|  v.    ) | REQUEST FOR EXTENSION OF |
|     ) | TIME |
| GREG LEWIS,    ) | |
|     ) | (Docket No. 13) |
|     Respondent.   ) | |

17
18
19
20
21
22
23
24

Petitioner, a state prisoner proceeding *pro se*, filed a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging a 2009 decision by the California Board of Parole Hearings finding that petitioner was not suitable for parole.  On July 16, 2013, the court granted respondent's motion to dismiss for failure to state a claim because the Supreme Court has stated that a prisoner's federal due process claim regarding a denial of parole is limited to whether he received the minimum procedures necessary under the federal constitution.  *Swarthout v. Cooke*, 131 S. Ct. 859, 861-62 (2011) (per curiam).  On August 2, 2013, petitioner filed a motion for reconsideration and request for an extension of time to file an appeal.

25
26
27
28

Rule 60(b) of the Federal Rules of Civil Procedure provides for reconsideration where one or more of the following is shown: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence that by due diligence could not have been discovered before the Court's decision; (3) fraud by the adverse party; (4) voiding of the judgment; (5) satisfaction of

1    the judgment; (6) any other reason justifying relief.  *See* Fed. R. Civ. P. 60(b); *School Dist. 1J v.*

2    *ACandS Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).  In the present motion, petitioner does not

3    dispute that his federal petition failed to state a cognizable federal habeas claim.  Rather,

4    petitioner argues that he is suffering cruel and unusual punishment and makes a general

5    allegation that his constitutional rights are being violated.  Accordingly, petitioner has not

6    demonstrated a valid basis for reconsideration.  Petitioner's motion for reconsideration is

7    DENIED.

8        Petitioner also requests a 45-day extension of time in which to file a notice of appeal

9    should his motion for reconsideration be denied.  Because petitioner has not shown excusable

10   neglect or good cause, the court cannot extend petitioner's time for filing beyond the prescribed

11   thirty days.  *See* Fed. R. App. P. 4(a)(5)(A), 4(a)(5)(C).  Thus, petitioner's request for a 45-day

12   extension of time is DENIED.  However, Federal Rule of Appellate Procedure 4(a)(4)(A)(vi)

13   states that the time for filing an appeal after a timely filed motion for reconsideration does not

14   begin to run until that motion is decided by the court.  In other words, petitioner's time for filing

15   an appeal does not begin until this order denying petitioner's motion for reconsideration is filed.

16       **IT IS SO ORDERED.**

17   DATED: ___8/14/13_____

18                                                        LUCY H. KOH
                                                        United States District Judge